FRANK N. DARRAS #128904, Frank@DarrasLaw.com
SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
PHILLIP S. BATHER #273236, PBather@DarrasLaw.com

**DarrasLaw**

3257 East Guasti Road, Suite 300
Ontario, California 91761-1227
Telephone: (909) 390-3770
Facsimile: (909) 974-2121

Attorneys for Plaintiff
GRACY DANIEL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACY DANIEL,<br><br>Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>Defendant. | Case No:<br><br>COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE WELFARE BENEFIT PLAN |

Plaintiff alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq.* (hereafter "ERISA") as it involves a claim by Plaintiff for Disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3. Plaintiff is informed and believes and thereon alleges that the Pace Analytical Services, Inc. Long Term Disability Plan ("Plan") is an employee welfare benefit plan established and maintained by Pace Analytical Services, Inc. to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, GRACY DANIEL ("Plaintiff" and/or "MS. DANIEL"), with income protection in the event of a disability and is the Plan Administrator.

4. Plaintiff alleges upon information and belief that Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania, authorized to transact and transacting the business of insurance in this state, and, the insurer and Claims Administrator for the Plan.

5. Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that Defendant LINA, who fully insured the policy and who is ultimately liable if Plaintiff is found disabled, may be found in this district. Since on or about November 1, 1956, LINA has been registered as a corporation with the State of California, has extensive contacts within the state, employs California residents, conducts ongoing business within the state and therefore, may be found within the state.

6. At all relevant times Plaintiff was a resident and citizen of the United States, an employee of Pace Analytical Services, its successors, affiliates and/or subsidiaries, and a participant in the Plan.

7. Based upon information and belief, Plaintiff alleges that at all relevant times herein Plaintiff was covered under group disability policy number LK-962330 that had been issued by Defendant LINA to Pace Analytical Services, Inc. to insure its Plan, and the eligible participants and beneficiaries of the Plan, including Plaintiff. A copy of the subject policy is attached hereto as Exhibit "A".

8. The Plan provides a monthly benefit equivalent to sixty percent (60%) of MS. DANIEL's Covered Earnings less Other Income Benefits following a 90 day Elimination Period.

9. The Plan defines "Disability" as: "An Employee is Disabled if, because of Injury or Sickness,

- he or she is unable to perform the material duties of his or her regular occupation, or solely due to Injury or Sickness, he or she is unable to earn more than 80% of his or her Indexed Covered Earnings; and
- after Disability Benefits have been payable for 24 months, he or she is unable to perform the material duties of any occupation for which he or she may reasonably become qualified based on education, training or experience, or solely due to Injury or Sickness, he or she is unable to earn more than 80% of his or her Indexed Covered Earnings.

10. The Plan provides monthly benefits to MS. DANIEL's Social Security Normal Retirement Age.

11. Prior to her disability, Plaintiff was a Laboratory Technician for Pace Analytical Services, Inc.

12. On or about May 20, 2015, Plaintiff consulted with Dr. Placido Morano regarding her fatigue and difficulty performing her daily tasks due to pain in her neck, shoulder, lower back and hip areas.

13. On or about May 22, 2015, Plaintiff became disabled as defined by the Plan.

14. Plaintiff timely filed a claim for Long Term disability benefits with Defendant.

15. On or about June 17, 2015, Plaintiff followed up with Dr. Morano regarding her diagnosis of Fibromyalgia. Dr. Morano noted Plaintiff's chronic pain in multiple areas of her body and a reported pain level of 8/10.

16. On or about August 26, 2015, Dr. Morano prepared a letter confirming Plaintiff's disability, "At this time, Ms. Daniel is unable and not capable of doing any type of work at this time."

17. On or about September 10, 2015, Defendant acknowledged receipt of Plaintiff's Long Term Disability claim.

18. On or about October 1, 2015, Defendant denied Plaintiff's claim.


DarrasLaw

19.  On or about October 21, 2015, Plaintiff returned to Dr. Morano regarding her Fibromyalgia.  Dr. Morano noted Plaintiff's fatigue and constant pain in her shoulder, back, neck and hips.  Plaintiff reported pain level of 10/10.

20.  On or about November 18, 2015, Dr. Morano noted his ongoing support for Plaintiff's disability from any work.

21.  On or about February 24, 2016, Dr. Morano completed a Fibromyalgia Questionnaire as follows:

- Suffers from Fibromyalgia, chronic pain, pain in the upper extremities, not sleeping well and is fatigued.  Lumbar spine tenderness over the lumbosacral area, knees medial tender points.
- Unable to work.

22.  On or about April 28, 2016, Plaintiff, through counsel, appealed the denial of her claim.

23.  On or about June 22, 2016, Defendant overturned the prior denial and approved Plaintiff's claim for Long Term Disability benefits.

24.  On or about July 13, 2016, Plaintiff followed up with Dr. Morano.  She reported her pain severity as 8-9/10.  Plaintiff reported fatigue and sleep issues as well as increased pain in her right chest and left side.

25.  On or about September 19, 2016, Dr. Seema Massand completed an Attending Physician Statement as follows:

- Diagnosis: Fibromyalgia
- Is the patient totally disabled from working in REGULAR occupation? Yes
- Is the patient totally disabled from working in ANY occupation? Yes

26.  On or about September 28, 2016, Defendant denied Plaintiff's claim as of August 23, 2017 when the Policy definition of Disability changes to "any occupation."

27.  On or about November 2, 2016, Dr. Morano noted Plaintiff's ongoing fatigue and reported memory loss.

28.  On or about November 4, 2016, Dr. Seema Massand prepared a letter

confirming Plaintiff's disability due to Fibromyalgia and chronic pain.

29. On or about December 2, 2016, Dr. Morano noted: "My patient continues to suffer from a chronic pain syndrome called Fibromyalgia. She is not a candidate for any type of scheduled work."

30. On or about February 16, 2017, Dr. Seema Massand completed a Fibromyalgia Questionnaire confirming Plaintiff's inability to work due to Fibromyalgia, chronic pain, pain in the upper extremities, fatigue, lumbar spine tenderness and knee medial tender points.

31. On or about February 22, 2017, Dr. Morano noted Plaintiff's diagnosis of degenerative disc disease and Fibromyalgia. Dr. Morano again reiterated it was his opinion she could not work.

32. On or about March 21, 2017, Plaintiff underwent a Functional Capacity Evaluation. The conclusion was that Plaintiff was not capable of working in a sedentary strength position.

33. On or about March 24, 2017, Plaintiff, through counsel, appealed the denial of her claim as of August 23, 2017.

34. On or about June 15, 2017, Defendant denied Plaintiff's appeal.

35. On or about June 28, 2017, the Social Security Administration issued a Fully Favorable Decision approving Plaintiff's claim for disability benefits as of May 22, 2015.

36. Based upon the substantial medical evidence in the possession of LINA at the time of the denial, the decision to deny disability insurance benefits was wrongful and contrary to the terms of the Plan.

37. As a direct and proximate result of LINA's failure to provide Plaintiff with disability benefits, Plaintiff has been deprived of said disability benefits beginning on or about August 23, 2017, to the present date.

38. As a further direct and proximate result of the denial of benefits, Plaintiff has incurred attorney fees to pursue this action, and is entitled to have such fees paid by defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

39. A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plan. Plaintiff seeks the declaration of this Court that she meets the Plan definition of disability and consequently she is entitled to all benefits from the Plan to which she might be entitled while receiving disability benefits including reimbursement of all expenses and premiums paid for such benefits from the termination of benefits to the present. In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claim consistent with the terms of the Plan.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. An award of benefits in the amount not paid Plaintiff beginning on or about August 23, 2017, together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid; plus all other benefits from the Plan to which she might be entitled while receiving disability benefits including reimbursement of all expenses and premiums paid for such benefits or, in the alternative, a remand for a determination of Plaintiff's claim consistent with the terms of the Plan;

2. An order determining Plaintiff is entitled to future disability payments/benefits so long as she remains disabled as defined in the Plan;

3. For reasonable attorney fees incurred in this action; and,

4. For such other and further relief as the Court deems just and proper.

Dated: August 31, 2017

DarrasLaw

_____
PHILLIP S. BATHER
Attorneys for Plaintiff